IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KYLE JOSEPH SUTTON,**

        **Plaintiff,**

   v.            CASE NO. 12-3238-SAC

**IMPACT DESIGN LLC, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the financial records submitted by the plaintiff, the court finds the average monthly deposit to his account is $139.33, and the average monthly balance is $73.01. The court therefore assesses an initial partial filing fee of $27.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

---

[1] Plaintiff is advised that he will remain obligated to pay the balance of the $350.00 statutory filing fee. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing

*Screening*

Plaintiff alleges he has been subjected to permanent harm due to his exposure to certain chemicals incident to his employment by defendant Impact Design, LLC, a private employer located at the Lansing Correctional Facility (LCF). The defendants to this action are the company and four individuals employed by the company.

Because plaintiff proceeds pro se, the court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court will not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The complaint alleges defendants failed to exercise a reasonable level of care during plaintiff's employment at Impact Design by allowing inmates to handle certain chemicals. Plaintiff states that on September 19, 2011, he filed his first series of health care requests for complaints of headache, nausea, and vomiting due to chemical exposure. This continued for a period of more than 90 days, and during this period, plaintiff received acetaminophen for his complaint, a medication he asserts was potentially harmful because he also suffers from Hepatitis C.

In December 2011, Travelers Indemnity Company of America reviewed a work injury report filed by plaintiff and Impact Design but refused the claim, finding no evidence to support a claim of injury traceable to chemical exposure in the workplace. Plaintiff claims that because he was refused proper medical treatment, the worker's

---

fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

compensation claim was never completed.

Plaintiff also complains that defendant Johnson, his immediate supervisor, failed to provide him with adequate safety equipment or training and that Johnson and Skinner, the head supervisor, refused to allow him to seek medical attention at the LCF medical clinic. Finally, he asserts that in mid-September 2011, he was laid off from his job, an action he asserts was retaliatory and in violation of K.A.R. 44-15-104.

Plaintiff alleges a violation of the First Amendment protection of the right to peaceful assembly and to petition the government for redress arising from the refusal of defendants to allow him to report to the LCF medical clinic; of the Fourth Amendment arising from the same refusal and from requiring him to remain at work; of the Fifth Amendment arising from the denial of medical attention while confining him to an area in which he was exposed to hazardous chemicals; of the Sixth Amendment by refusing to inform him of the nature and cause of the physical injuries that may be sustained upon exposure to the workplace chemicals; of the Eighth Amendment by the refusal of medical treatment and mistreatment of a confined person; of the Ninth Amendment arising from the failure to honor the policy, rules, and procedures of the Kansas Department of Corrections; and of the Fourteenth Amendment arising from the refusal of medical treatment. (Doc. 1, pp. 2.9-2.11.) He seeks damages.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Hall v.*

*Witteman*, 584 F.3d 859, 864 (10th Cir.2009)(brackets and internal quotation marks omitted). Private conduct may constitute state action if it is "fairly attributable to the State." Two criteria must be met for this requirement: first, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and second, the private party "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

"State action is also present if a private party is a willful participant in joint action with the State or its agents." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (1995)(internal citation and punctuation omitted). "[T]he focus of this test is not on long-term interdependence between the state and a private entity. Instead, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id*.

A careful review of the complaint does not support state action by the defendants. None of the defendants is a state official or employee, nor is there any suggestion of joint action or any legal basis to attribute to the state the acts or omissions of the defendants. The court concludes that neither the private corporation nor its employees acted under color of state law and is considering the dismissal of this action for failure to state a claim for relief under § 1983.

Plaintiff also moves for the appointment of counsel (Doc. 4). A party in a civil action has no constitutional right to counsel, *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989), and the decision whether to appoint counsel lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Because the court is considering the dismissal of this matter, the court declines to appoint counsel in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including July 19, 2013, to submit an initial partial filing fee of $27.50. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that plaintiff is granted to and including July 19, 2013, to show cause why this matter should not be dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

IT IS FURTHER ORDERED plaintiff's motions for default judgment (Docs. 5 and 8) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 19th day of June, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge